UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

YEISON CRUZ,

     Plaintiff,

v.                                                                    Case No:   2:18-cv-287-FtM-38MRM

GEOVERA SPECIALTY INSURANCE
COMPANY,

     Defendant.

_____/

## REPORT AND RECOMMENDATION

Pending before the Court is the Joint Stipulation to Stay Litigation Pending Completion of Appraisal, filed on December 4, 2018.  (Doc. 38).  Plaintiff Yeison Cruz and Defendant Geovera Specialty Insurance Company stipulate to an appraisal of the property at issue in this case in accordance with the terms and conditions of the insurance policy.  (Doc. 38 at 1).  For the reasons explained below, the Undersigned respectfully recommends that the Joint Stipulation to Stay Litigation Pending Completion of Appraisal (Doc. 38) be **GRANTED**.

## BACKGROUND

On April 27, 2018, Defendant removed this action to federal court.  (*See* Doc. 1).  In the Amended Complaint (Doc. 26), Plaintiff alleges that he entered into an insurance policy with Defendant and the policy provided insurance during Hurricane Irma for the property at issue in this case.  (Doc. 26 at 1-2).  Plaintiff claims that the property sustained damage to the exterior and interior.  (*Id.* at 2).  Plaintiff alleges that he reported the damage to Defendant and made the property available for inspection.  (*Id.*).  Plaintiff claims that Defendant failed to provide complete coverage for the physical damage that occurred.  (*Id.* at 3).  Plaintiff claims that Defendant breached its insurance policy.  (*Id.*).

The parties agree that the insurance policy contains the following provisions regarding an appraisal:

**F. Appraisal**

1. If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss.  In this event, each party will choose a competent and impartial appraiser within 20 days after receiving a written demand from the other and notify the other of the appraiser's name and contact information.  If the appraisers cannot agree on the amount of loss or the actual cash value in accord with this Condition, the two appraisers will choose a competent and impartial umpire.  If the appraisers cannot agree upon an umpire within 15 days, you and we shall jointly ask a judge of a court of record in the judicial district where the "residence premises" is located to choose an umpire.  Neither you nor we may assign the right to demand appraisal to anyone.

The appraisers will separately set the amount of loss and provide a written appraisal report specifically describing:

> a. Each item of property being appraised;
> b. The types or kinds of damage to each item of property;
> c. The extent of the damage to each item of property;
> d. The estimated costs of repair or replacement of each item of property;
> e. The estimated amount of depreciation and/or obsolescence of each item of property; and
> f. The actual cash value of each item of property.

If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss.  If the appraisers cannot agree, they will each submit their differences to the umpire, specifically describing the differences and the amount attributable to each difference.  A decision agreed to by any two will set the amount of loss.

Each party will:

> 1. Pay its own appraiser;
> 2. Pay the costs of their experts or any other expenses not mutually agreed in advance to share; and
> 3. Bear the other expenses of the appraisal and umpire equally.

2. If there is an appraisal:

> a. **You and we agree that any suit for or involving a disagreement in the amount of loss claimed under this policy shall be abated on the demand for appraisal by either you or us until after an appraisal award is issued in accord with the conditions above; and**

2

b. We retain the right to apply the terms and conditions and coverages provided under this policy to any appraisal award.

(Doc. 38 at 1-2 (emphasis in original)).

Counsel for the parties conferred and agreed to proceed to appraisal in accordance with the provisions of the insurance policy.  (*Id.* at 3).  Further, the parties agree to stay this litigation pending the completion of the appraisal.  (*Id.*).

## ANALYSIS

In a diversity case, the substantive law of the forum state – in this case Florida – applies.  *Winn-Dixie Stores, Inc. v. Dolgencorp*, LLC, 746 F.3d 1008, 1020 (11th Cir. 2014).  "Under Florida law, a dispute regarding a policy's coverage for a loss is exclusively a judicial question.  *Gonzalez v. Am. Sec. Ins. Co.*, No: 8:15-cv-1515-36EAJ, 2015 WL 12852303, at *4 (M.D. Fla. Nov. 10, 2015) (citations omitted).  However, when an insurer acknowledges that there is a covered loss, any dispute regarding the amount of such loss is appropriate for appraisal."  *Evanston Ins. Co. v. Etcetera, Etc Inc.*, No. 2:18-CV-103-FTM99MRM, 2018 WL 3526672, at *3 (M.D. Fla. July 23, 2018) (citations omitted).  To evaluate the amount of loss, an appraiser is tasked with determining both the extent of the covered damage and the amount to be paid for repairs.  *Id.* (citing *Cincinnati Ins. Co. v. Cannon Ranch Partners, Inc.*, 162 So. 3d 140, 143 (Fla. 2d Dist. Ct. App. 2014)).

In the instant case, the parties reached an agreement to proceed to an appraisal of the subject property pursuant to the terms and conditions of the insurance policy and to stay this action during the pendency of the appraisal.  The parties further agreed to allow Plaintiff ninety (90) days from the date the Court enters an Order on this Joint Stipulation to choose an appraiser and notify the Defendant of its appraiser selection.  (Doc. 38 at 3).  Further the parties agreed that the Court shall retain jurisdiction to:

a. select a neutral umpire for the appraisal upon the request of either party if the appraisers cannot agree on the selection of an umpire;
b. determine any coverage issues;
c. determine any other issues or disputes that arise that are not resolved by the appraisal process; and
d. determine entitlement to attorney's fees, if any, and to address all other matters as necessary.

(*Id.*).

For the foregoing reasons, the Undersigned respectfully **RECOMMENDS** that the Joint Stipulation to Stay Litigation Pending Completion of Appraisal (Doc. 38) be **GRANTED** as follows:

(1)     The action be stayed pending the completion of the appraisal process;

(2)     The parties be required to file joint status reports every 45 days notifying the Court of the status of the appraisal proceeding;

(3)     Plaintiff shall have ninety (90) days from the date the Court enters an Order on this Joint Stipulation to choose an appraiser and notify the Defendant of its appraiser selection.

(4)     The Court retain jurisdiction to:  select a neutral umpire for the appraisal upon the request of either party if the appraisers cannot agree on the selection of an umpire; determine any coverage issues; determine any other issues or disputes that arise that are not resolved by the appraisal process; and determine entitlement to attorney's fees, if any, and to address all other matters as necessary.

Respectfully recommended in Chambers in Ft. Myers, Florida on December 6, 2018.

MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties